IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50773
Conference Calendar

_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

MAXIMINO CASTILLO-ROJAS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-00-CR-181-1-DB
--------------------
April 12, 2001

Before JOLLY, HIGGINBOTHAM, and JONES, Circuit Judges.

PER CURIAM:[*]

Maximino Castillo-Rojas appeals his sentence for false claim of citizenship and illegal reentry.  Castillo argues that his prior felony conviction needed to be submitted to the jury to enhance his sentence beyond the two-year statutory maximum for a § 1326 conviction.  Castillo does not appeal his sentence or conviction for false claim of citizenship.

Castillo's argument is foreclosed by Apprendi v. New Jersey, 530 U.S. 466 (2000) and Almendarez-Torres v. United States, 523 U.S. 224 (1998).  In Almendarez-Torres,  523 U.S. at 235, the

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

United States Supreme Court held that § 1326(b)'s enhancement provision is a sentencing factor and not a separate criminal offense.  In <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  120 S. Ct. at 2362-63.  Thus, Castillo's prior felony conviction did not have to be submitted to a jury to enhance his sentence beyond the statutory maximum.

AFFIRMED.